# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KEISHAWN JOHNSON,**<br><br>**Defendant.** | Case No. 24-mj-000345 (MAU) |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

Last week, law enforcement attempted to arrest Mr. Kaishawn Johnson for three open and valid warrants. Two of the warrants were for violations of his supervised probation for two felony offenses. The third was for a new offense. When law enforcement attempted to arrest Mr. Johnson he fled on foot, initiating a police chase. In addition to the three open warrants, Mr. Johnson had an additional reason for fleeing: he was carrying a loaded firearm with an extended magazine, and he knew that it was illegal for him to have that firearm. In his desperation to avoid arrest, Mr. Johnson ran up to a man standing with a motorbike. Mr. Johnson pointed the gun at him and attempted to steal the motorbike. Johnson and the man struggled resulting in Johnson falling to the ground and his firearm being flung against the concrete sidewalk. As noted, this is not Mr. Johnson's first offense. He has two serious felony convictions for both of which he was on court-ordered supervision. In light of the danger he presents to the community, in addition to the open warrants for probation violations and new criminal conduct, and considering the factors specified under 18 U.S.C. § 3142(g), there are no conditions or combination of conditions short of detention that can ensure the safety of our community.  For the following reasons, Mr. Johnson should be detained pending trial.

## BACKGROUND

In September 2024, multiple warrants were issued for the arrest of Kaishawn Johnson by law enforcement in Maryland. *First*, on September 25, 2024, the Circuit Court for Howard County, Maryland issued a bench warrant for a probation violation. *Second*, on September 26, 2024, the Montgomery County Maryland Sheriff's Office issued a warrant for a probation violation. *Third*, on September 31, 2024, Prince Georges County Maryland Sheriff's Office issued an arrest warrant for Second Degree Assault.

The U.S. Marshal's Service was made aware of these active warrants. On October 25, 2024, at approximately 2:30 PM, Deputy U.S. Marshals (DUSMs) located and began conducting surveillance on a black Audi S5 two-door coupe with MD temporary tag T1964257 that was believed to be operated by Johnson. The vehicle was located parked in the 2600 block of Jasper Street SE, Washington, D.C.

At approximately 3:42 PM, DUSMs observed an individual they identified as Johnson walking from the rear of 2601 Jasper Street SE towards the vehicle. Johnson was initially walking toward the driver's side door, but then walked around the vehicle and closed the fuel tank cover, which had been left open.

As Johnson began walking towards the driver's side of the vehicle, DUSMS approached Johnson. DUSMS were in an unmarked vehicle but exited the vehicle wearing USMS-issued ballistic vests with clearly visible "POLICE" and "US MARSHAL" insignias displayed on the front and rear. As DUSMs approached, Johnson immediately took flight on the sidewalk leading to the rear of 2601 Jasper Street SE. As Johnson fled, he was grasping at a black and gray satchel that he was wearing across his body.

2

DUSMs pursued Johnson to the rear of 2601 Jasper Street SE, where Johnson scaled a chain link fence leading to a wooded area bordering Suitland Parkway. As Johnson landed on the other side of the fence, a DUSM observed Johnson grab at his satchel and then continued fleeing toward Suitland Parkway. Other DUSMS observed Johnson fleeing across Suitland parkway towards 23rd Street SE.

As DUSMs reached 23rd Street SE, they observed Johnson still wearing the black and gray satchel and reaching for the satchel as he continued running. Johnson continued fleeing on 23rd Street SE, across Savannah Street SE, to the front of Shipley Liquors located at 2281 Savannah Street SE. Johnson approached a motor scooter that was parked on the sidewalk in front of Shipley Liquors. Johnson grabbed the handlebar of the scooter and sat in the driver's seat.

Another individual, presumably the individual who owned the scooter, began an altercation with Johnson over the scooter. DUSMS observed as the other individual pushed Johnson off the scooter, which caused the scooter to fall on Johnson. As Johnson and the scooter fell, a DUSM observed what he immediately recognized to be a firearm fall from the area of the motor scooter onto the sidewalk.

DUSMs recovered the firearm and placed Johnson under arrest. The individual who engaged in the altercation with Johnson over the scooter left the scene before providing identifying information to DUSMs.

The recovered firearm was a Glock 31 .357 handgun bearing serial number GEX760. The firearm contained one round of .357 caliber ammunition in the chamber and ten rounds of ammunition in a twenty-two-round magazine. Firearms and ammunition are not manufactured within the District of Columbia. Therefore, the firearm and ammunition traveled in and affected

interstate commerce.

Additionally, vehicles like the scooter that Johnson attempted to steal are not manufactured in Washington, D.C. Therefore, the vehicle traveled in and affected interstate commerce.

Johnson has been previously convicted of crimes punishable by more than a year in prison. Specifically, on May 4, 2023, Johnson was convicted of Theft: $25,000 to under $100,000 in Howard County, Maryland Case No. C-13-CR-22-000020 and sentenced to ten years' confinement with eight years and nine months of that sentence suspended. Additionally, on September 30, 2022, Johnson was convicted of First-Degree Burglary in Montgomery County, Maryland, and sentenced to six years and six months with al but eighteen months suspended. Therefore, at the time of this offense, Johnson was aware that he had been convicted of a crime punishable by more than a year imprisonment.

DUSMs subsequently obtained surveillance from Shipley Liquors reflecting this offense, specifically from a camera facing the front sidewalk in front of Shipley Liquors. The footage contains a date and time stamp accurately reflecting the date, but the time is approximately three minutes behind actual time.[1]

The video reflects the following:

- 15:39: An individual arrives in front of Shipley Liquors driving a black motorbike and parks it in front of the store;

- 15:41:37: Johnson appears dressed in gray, running towards the motorbike and carrying what appears to be a firearm in his left hand (yellow circle);

---

[1] The Government will introduce this video at the detention hearing as Government Exhibit 1.



- 15:41:39:    Johnson runs toward the motorbike, reaching out for the bike's handle with his right hand, while pointing the firearm with visible extended magazine at the motorbike operator;



- 15:41:41:    Johnson sits in the driver's seat of the bike and the motorbike operator begins to scuffle with Johnson, ultimately knocking Johnson and the bike to the ground;

- 15:41:45:    Johnson is detained and the firearm is recovered.

On October 24, 2023, Defendant Johnson was charged by complaint with a single count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).  An

5

initial appearance was held before the Honorable Moxila A. Upadhyaya on October 29, 2024. At that hearing, the Government indicated that it would seek Mr. Johnson's detention pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E) (offense involving a firearm) and (f)(2)(A) (risk of flight).

***Defendant Johnson's Criminal History***

On September 30, 2022, Mr. Johnson was convicted of First-Degree Burglary in Montgomery County, Maryland. He was sentenced to a term of imprisonment of six years, six months, with all but eighteen months suspended, and five years of supervised probation. A warrant for a probation violation was issued on September 26, 2024.

On May 4, 2023, Mr. Johnson was convicted of Theft: $25,000 to under $100,00 in Howard County, Maryland. He was sentenced to a term of imprisonment of ten years' confinement, with eight years and nine months suspended, followed by eighteen months of supervised probation. A warrant for a probation violation was issued on September 25, 2024.

Mr. Johnson also appears to have a pending case in Fairfax County, Virginia for Burglary and Grand Larceny.

## ARGUMENT

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142(e). "In common parlance, the relevant inquiry is whether the defendant is a . . . 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019).

In determining whether any condition or combinations of conditions will assure the safety of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the

defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g).

In making this determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). *See also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *See Smith*, 79 F.3d at 1210, *see Williams*, 798 F. Supp. at 36.

### I.    The Nature and Circumstances of this Offense Merits Detention.

The first factor to be considered, the nature and circumstances of the offense charged, weighs in favor of detention. Mr. Johnson is currently charged with a serious offense carrying significant penalties. For violating 18 U.S.C. § 922(g), Mr. Johnson faces a maximum sentence of up to fifteen years' imprisonment. Mr. Johnson is likely to face additional charges including for Attempted Carjacking, which also carries a maximum sentence of up to fifteen years' imprisonment.

Under these circumstances, the fact that Mr. Johnson is currently only charged with a possessory offense does not mitigate the danger posed by Mr. Johnson's possession of a loaded firearm. *See United States v. Blackson*, No. 23-CR-25 (BAH), 2023 WL 1778194, at *7-8 (D.D.C.

Feb. 6, 2023), *aff'd,* No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023) (the absence of evidence of "use" "does little to detract from" the danger posed by a firearm "loaded with 19 rounds of ammunition in an extended magazine, . . . more ammunition than the gun was originally manufactured to carry, thereby increasing its potential to do greater harm" and placement "at the ready, on his person, and easily within reach"). Not only was this firearm loaded, *see United States v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020), *aff'd* (Nov. 5, 2020) (finding that a defendant should be detained pretrial in part because "the firearm recovered from the Defendant's person had a round already chambered, making the circumstances even more troubling,") but Mr. Johnson used it during a chase from law enforcement to attempt to steal a motorbike from a member of our community. This was not the mere possession of a deadly weapon; this was the use of a weapon to terrorize another person.

The theft of a motor vehicle, like the vehicle that Mr. Johnson attempted to steal at gunpoint, is a particularly dangerous crime. As this Court has noted with respect to armed robberies, "[t]he best outcome, if everything goes as planned during an armed robbery, involves a victim's being placed at risk and feeling terrified for his safety, possibly for years to come, and if things go wrong, someone—or multiple people—could be killed or seriously injured." *United States v. Lee*, 195 F.Supp.3d 120, 129 (D.D.C. 2016) (finding the nature and circumstances weighing heavily in favor of detention in the case of a single armed robbery). But the dangerousness is multiplied when the targeted victim is in or near a mobile conveyance like a vehicle. If a victim makes the panicked decision to try to flee in their vehicle, they could strike and harm others or themselves.[2] In some cases, the victim becomes tangled or caught by the

---

[2] *See, e.g.*, Cory Smith, *Teen Sentenced to Juvenile Detention for DC Carjacking That Killed*

vehicle in the course of the vehicle theft, leading to injuries or death.[3]   Mr. Johnson's victim made a different decision, bravely struggling with Mr. Johnson despite the loaded gun that was pointed at him.   It is extremely fortuitous that in that struggle no one was harmed, particularly where Mr. Johnson flung his loaded firearm at the concrete sidewalk before he was arrested.

The nature and circumstances of this offense weighs heavily in favor of detention.

### II.     The Weight of the Evidence Against the Defendant is Formidable.

The second factor to be considered, the weight of the evidence, also weighs in favor of detention.[4]   The Government's case against Defendant Johnson is strong.

Law enforcement attempted to arrest Mr. Johnson pursuant to three open and valid warrants.   In response, Mr. Johnson fled.   The end of his flight, including his pointing a gun at a bystander, attempting to steal that bystander's motorbike, and then flinging the gun at the ground is entirely captured on high-quality video.   Even the recovery of the gun is captured on video.

---

*Uber Eats Driver*, NBC Washington, https://www.nbcwashington.com/news/local/teen-sentenced-to-juvenile-detention-for-dc-carjacking-that-killed-uber-eats-driver/2721236/ (noting that the victim died when he tried to flee in the targeted vehicle).

[3] *See, e.g.*, Chris Welty, *3 teens plead guilty in brutal carjacking that severed woman's arm, killed her*, WVUE/Gray News, https://www.kktv.com/2023/11/21/3-teens-plead-guilty-brutal-carjacking-that-severed-womans-arm-killed-her/.

[4] While some judges in this Court have indicated that this factor should be given less weight, in *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, then Chief Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors."   2023 WL 1778194, at *8. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate."   *Id.* at *10. In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang;* this factor should be given no less weight than any other factor.

There is no conceivable suppression or other challenge that can be made to this compelling evidence. Mr. Johnson is captured on camera possessing a firearm and using it to attempt to steal a vehicle and continue his flight from law enforcement.

"[I]f the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *Blackson*, 2023 WL 1778194, at *10. This is such a case, and Mr. Johnson should be detained pretrial.

### III. The Defendant's History and Characteristics Merit Detention.

The third factor, Mr. Johnson history and characteristics, likewise favors detention.

Mr. Johnson is only 21. Despite that he has accrued serious felony convictions over a very short period of time. In the last two years, Mr. Johnson has been convicted of two separate felonies. For each, he was sentenced to lengthy suspended sentences with supervised probation. Despite the lengthy sentences hanging over his head, a total of almost fifteen years, Mr. Johnson procured a loaded firearm, ran from law enforcement, and attempted to steal a motorbike at gunpoint *in front of law enforcement*. Two of the warrants for Mr. Johnson's arrest were for violating his supervised probation. And that was before he fled law enforcement carrying a firearm and attempting to steal a vehicle. Further, given the pending warrant for a Maryland assault, this list appears unrepresentative of his criminal history.

Mr. Johnson has demonstrated that he will not abide by court-ordered supervision in two separate cases where he faces significant exposure for violations of probation. He has demonstrated that he will not abide by lawful authority by fleeing law enforcement and committing

10

serious crimes in front of them. His history weighs in favor of detention.

### IV.  Mr. Johnson Presents a Danger to Our Community.

The fourth and final factor, danger to any person or the community posed by Defendant Johnson release, similarly weighs in favor of detention.

"At the outset, it cannot be gainsaid that unlawful possession of a firearm that is unregistered and fully loaded, with an extended capacity magazine, carried in a position of easy, quick access poses a significant danger to other persons and the community." *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *33. Defendant Johnson's possession of this firearm alone presented a significant danger to our community. *See United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public.").

But it was his use of this firearm that makes him truly dangerous. Rather than simply turning himself into law enforcement on three open arrest warrants, Johnson engaged law enforcement in a foot race while carrying a loaded gun. When he appeared cornered in front of the liquor store, Mr. Johnson still did not stop. He pulled out his loaded gun, pointed it at another man, and attempted to steal his motorbike. In other words, he attempted to escalate his foot chase into a high-speed chase on a motor vehicle.

Mr. Johnson's prior arrests, convictions, and the significant time he faces due to his supervision have done nothing to deter him from possessing firearms, using violence against members of our community, or fleeing law enforcement. Mr. Johnson is a danger to our community and should be detained pending trial.

## **CONCLUSION**

For all the foregoing reasons, the Government respectfully requests that the Court detain Mr. Johnson pending trial on these charges.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar No. 481052

By:           */s/ Cameron A. Tepfer*
                  Cameron A. Tepfer
                  D.C. Bar No. 1660476
                  Assistant United States Attorney
                  601 D Street NW
                  Washington, D.C. 20530
                  202-258-3515
                  Cameron.Tepfer@usdoj.gov